UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**YANCY HARRIER,**

    Plaintiff,

v.                                    Case No.  8:14-cv-1108-T-30AEP

**NEW MILLENNIUM BANK,**

    Defendant.
_____/

## DEFAULT FINAL JUDGMENT

THIS CAUSE comes before the Court upon Plaintiff Yancy Harrier's Motion for Default Judgment against Defendant New Millennium Bank (Dkt. 7).  The Court, having reviewed the motion, and being otherwise advised in the premises, concludes that the motion should be granted in part and denied in part.

## BACKGROUND

On May 9, 2014, Plaintiff Yancy Harrier filed the instant action against Defendant New Millennium Bank under the Fair Credit Reporting Act ("FCRA") and the Florida Consumer Collection Practices Act ("FCCPA").  The complaint seeks, among other things, statutory damages and reasonable attorney's fees and costs under the FCRA and the FCCPA (Dkt. 1).

On July 14, 2014, a Clerk's Default was entered against Millennium for its failure to respond to the complaint or otherwise file an appearance in this action (Dkt. 6).  Harrier now

moves for a default final judgment in the amount of $6,095.00 for the following damages: (1) $1,000 statutory damages under the FCRA; (2) $1,000 statutory damages under the FCCPA; (3) $3,575 in attorney's fees; and (4) $520 in costs. The Court concludes that Harrier is entitled to a judgment in the amount of $5,095.00.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a final judgment of default against a party who has failed to plead in response to a complaint. A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.,* 803 F.2d 1130, 1134 (11th Cir. 1986). All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm that it has jurisdiction over the claims and that the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Const. Co. v. Houston Nat. Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975);[1] *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.,* 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002).

## DISCUSSION

The Court concludes that it has federal question jurisdiction over Plaintiff's FCRA claim and supplemental jurisdiction over Plaintiff's FCCPA claim. Also, the complaint's allegations are sufficient to state a claim under the FCRA and the FCCPA. Under both

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

statutes, a plaintiff is entitled to statutory damages of not less than $100 and not more than $1,000. Plaintiff seeks statutory damages in the amount of $1,000 under each statute; the Court reduces this amount to a statutory award of $500 under each statute.

The Court concludes that Plaintiff's request for attorney's fees in the amount of $3,575 and costs in the amount of $520 is reasonable.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff Yancy Harrier's Motion for Default Judgment against Defendant New Millennium Bank (Dkt. 7) is granted in part and denied in part.

2. The Clerk of Court is directed to enter **FINAL JUDGMENT** in the amount of **$5,095.00** in Plaintiff's favor and against Defendant. This amount shall accrue interest at the federal statutory rate.

3. The Clerk of Court is directed to close this case and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on August 11, 2014.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2014\14-cv-1108.defaultFJ.frm